778

## SEALS v. UNITED STATES. *
### No. 6576.

Circuit Court of Appeals, Fifth Circuit.
April 29, 1933.

Clarence J. Dowling, of New Orleans, La., for appellant.

E. E. Talbot, U. S. Atty., and Wm. H. Norman, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted upon three counts of an indictment each of which charged separate sales of intoxicating liquor, to

*Rehearing denied June 9, 1933.

wit, one pint of gin, and also that he was engaged in the habitual violation of the National Prohibition Act (27 USCA). The dates of the respective sales were February 20, February 24, and March 11, all in 1931. He was also charged in another count with having during this period of time maintained a common nuisance. A general sentence was imposed of a year and a day in such place as should be designated by the Attorney General. The sole contention here is that the sentence is excessive. Appellant's argument is that he should have been acquitted on the sales counts, because the evidence did not warrant a verdict that he had been habitually engaged in the sale of liquor, and that the maximum imprisonment for maintaining a nuisance is one year. 27 USCA §§ 91, 33.

The evidence disclosed that the sales were made as alleged in the indictment, and also that appellant maintained a place at which he sold soft drinks, and gin by the pint. Three separate purchases were made by the same prohibition agents, and according to their testimony appellant stated to them that he had the gin for sale, but only by the pint. We think the sales considered in connection with appellant's statements afforded ample proof that it was a part of his regular business to sell gin by the pint. This being so, the violations of law in which he was engaged were habitual. The sentence was well within the maximum authorized by law.

The judgment is affirmed.